IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLENE G. PACE, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05 CV 5008 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOANNE B. BARNHART, Commissioner, | ) | MEMORANDUM OF DECISION |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

    Plaintiff has appealed the denial of her application for benefits under Title II and XVI of the Social Security Act ("Act"). Following the denial of her application by the reviewing agency, she requested and received a hearing before an Administrative Law Judge ("ALJ") on June 30, 2004, after which the ALJ found that she was not at any time from her alleged onset date, October 31, 2002, suffering under a "disability" as defined in the Act and was not entitled to benefits under either program. Decision of ALJ, AR 22-36.[1]  Her request for review by the Appeals Council was also denied, and she has filed this action seeking further review.

    The ALJ's Decision discounted the opinions of Dr. Dan Nguyen, M.D., plaintiff's treating physician. It is quite critical of his notes, diagnoses, and treatment of the plaintiff. Id. at 28-31. Instead, the ALJ relied on the opinions of non-examining, consulting physicians for the state disability determination agency. Plaintiff argues that the ALJ erred in not relying on the opinions of her treating physician, and in not crediting the

---

[1] "AR" refers to the Administrative Record. It is followed by the page designations.

opinions of others of her physicians who did not attend medical school in the United States.

The ALJ found Dr. Nguyen's records "largely illegible" and internally inconsistent.  He also noted—-both during the administrative hearing and in his decision--that Dr. Nguyen "graduated medical school [sic] in Vietnam, and is not board-certified in any medical specialty."  Id. at 23-24, 28-9; 394-395.  He was highly critical of Dr. Nguyen's acceptance of the plaintiff's subjective reports of pain, particularly when plaintiff had concealed her drug use from him, thus undercutting the bases for his opinions.  Id. at 30-31.

In addition, the opinions of other of the plaintiff's physicians, Drs. Salumbides, Lindley, and Narayan, all of whom graduated from medical schools outside the United States, were discounted or not mentioned in the ALJ's decision.  The ALJ noted during the hearing that Dr. Salumbides had attended medical school in the Philippines and was not board certified, AR at 395, contrasting him with Dr. McCarty, who "went to medical school in Omaha, Nebraska, and is a board certified orthopedist."  Id.

In reaching his conclusions on the plaintiff's residual functional capacity, the ALJ relied instead on the opinions of two non-examining physicians, Dr. Tom Chael and Dr. Donald J. Larson.  The ALJ's decision states:

> The State Agency physicians opined at both the initial and reconsideration stages that the claimant retained a residual functional capacity for a wide range of light work (Exhibit 4F).  Specifically, at the May 2003 initial determination Tom Chael, M.D., opined that the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently, stand, walk, and sit for about six hours each in an eight-hour day, with the nonexertional limitations of climbing, stooping, kneeling, crouching, and crawling

>occasionally, and avoiding concentrated exposure to
>extreme cold and vibration (Exhibit 4F/1-8).  On
>reconsideration in July 2003, Donald J. Larson, M.D., who
>is board-certified [sic] in family practice, agreed with
>Dr. Chael (Exhibit 4F/11).

Dr. Chael's resume indicates that he is retired and was also not board certified in any specialty, but he graduated from medical school at the University of Indiana.  Dr. Chael's resume also indicates that although he graduated from medical school in 1953, he was not licensed until 1990.  AR 143.  Dr. Larson graduated from medical school in Omaha; however, he was board certified in Family Practice, not orthopedics.[2]  AR 146.

    Defendant agrees that where a doctor went to medical school is not a relevant consideration in determining what weight to give his or her medical opinions, and further, that to reject or discount a physician's opinions because he or she was not educated in the United States would be "unfair."  Defendant's Supplemental Brief, Filing 25, at 3.  Defendant argues, however, that that did not occur in this case.

    It is true that, other than Dr. Nguyen, the ALJ did not explicitly mention the plaintiff's doctors' educational backgrounds in his decision.  Whether that equates with not considering foreign medical training is another matter.  Even if foreign medical training was a consideration with only Dr. Nguyen's opinions, though, it would be unfair, as it reflects consideration of an irrelevant factor not permitted by law.

---

[2] The ALJ's opinion also criticized the opinions of Dr. Lindley, who graduated from medical school in England. Specifically the ALJ questioned Dr. Lindley's observation that the plaintiff was crying during his examination of her, and seemed "very upset" and "very flat," and his resulting "impression" of "possible depression."  The ALJ stated, "Dr. Lindley is a family practitioner, not a psychiatrist."  AR at 31.

20 C.F.R. § 404.940 requires the ALJ to be objective and unbiased.  Introducing extraneous matters into the review or the hearing taints the objectivity of the ALJ's inquiry and undermines the confidence placed in the impartiality of the process.

> The ALJ plays a crucial role in the disability review process.  Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him.  Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits.  The impartiality of the ALJ is thus integral to the integrity of the system.  See Johnson v. Mississippi, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423, 427 (1971) (citations omitted) ("Trial before 'an unbiased judge' is essential to due process").

Miles v. Chater, 84 F.3d 1397, 1400-1401 (11th Cir. 1996).

It is, of course, not known whether the ALJ in this case did, in fact, consider Dr. Nguyen's and/or other doctors' educational backgrounds in deciding this appeal.  That is the point.  It should not even be an issue, and the record in this case is such that it cannot be eliminated as an issue.  The plaintiff--and the doctors--deserve fair and impartial treatment that is beyond question.  While certainly their actions and opinions may be open to criticism, such criticism must be based only on the evidence of record.  Doctors should not be branded with some indelible cloud of untrustworthiness emanating from the medical school at which they received their education.

I make no finding on whether the ALJ in this case was, in fact, less than impartial in ruling on this case. Actual bias may not have been at work at all. Indeed, it is possible that he or another ALJ would reach the same conclusion as has been made here if the doctors' educational backgrounds were not mentioned, considered, or even known. However, because of the ALJ's comments and references to foreign medical education, his decision is tainted with an appearance of prejudice.

Due process requires a fair and impartial decision maker. <u>Johnson</u>, <u>supra</u>. In this case that means the matter must be remanded for another hearing before a different ALJ. Judgment will be entered accordingly.

SO ORDERED.


DATED June 21, 2006


                              BY THE COURT:

                              ___s/ *David L. Piester*___
                              United States Magistrate Judge